UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KATHY L. PURVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:04-cv-2124-DFH-VSS |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

ENTRY ON ATTORNEY FEE APPLICATION

The court entered final judgment remanding this case to the Commissioner of Social Security for further consideration.  Prevailing plaintiff Kathy L. Purvis has moved for an award of attorney fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).  Her total request is for $7,526.21.  The defendant Commissioner of Social Security argues that no fee should be awarded because her position was, in the terms of the EAJA, "substantially justified." The Commissioner has not challenged the reasonableness of the fee request.  As explained below, the court finds that the Commissioner's position in this case was not substantially justified and therefore awards plaintiff fees and costs totaling $7,526.21.

*Standards under the Equal Access to Justice Act*

The EAJA provides in relevant part:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other

> expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  In general, to be eligible for a fee award under this provision, four elements must be satisfied:  (1) the claimant was a "prevailing party"; (2) the Commissioner's position was not "substantially justified"; (3) no "special circumstances make an award unjust"; and (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), any fee application was submitted to the court within 30 days of final judgment in the action and was supported by an itemized application.  See *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).  The EAJA also uses financial means tests for award eligibility, see 28 U.S.C. § 2412(d)(2)(B), but those tests are unlikely to come into play for a person seeking disability benefits under the Social Security Act.  Ms. Purvis is a "prevailing party" for purposes of the EAJA.  See *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (remand under sentence four of 42 U.S.C. § 405(g) makes the plaintiff a prevailing party under the EAJA).  The only issue the Commissioner has raised is whether her position was "substantially justified."

The Commissioner has the burden of proving that her position was substantially justified.  *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006; *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004).  The court will look to both the agency's pre-litigation conduct and its litigation position, and must make one determination as to the entire civil action.  *Golembiewski*,

382 F.3d at 724; *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994); 28 U.S.C. § 2412(d)(2)(D) (for purposes of fee award under EAJA, "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based"). To be "substantially justified," the Commissioner's position must have a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Cunningham*, 440 F.3d at 864. It must be stronger than merely non-frivolous. *Pierce*, 487 U.S. at 565-66. On the other hand, the Commissioner's position need not have been correct. See *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996), quoting *Pierce*, 487 U.S. at 566 n.2. "Substantially justified" does not mean "justified to a high degree"; the standard is satisfied if there is a "genuine dispute," or if reasonable persons could differ as to the appropriateness of the contested action. *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992), citing *Pierce*, 487 U.S. at 565.

The standard of review that applies to the merits of benefits decisions is deferential to the Commissioner. If the court has remanded the denial of benefits, that deferential standard of review does not automatically mean that the Commissioner's position could not have been substantially justified for purposes of the EAJA. See, *e.g.*, *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994). Under the EAJA, the test is whether the Commissioner had a rational ground for thinking that she had a rational ground for denying benefits. See *id.*

The Seventh Circuit's decisions in *Cunningham* and *Golembiewski* provide a good illustration of when the Commissioner's position is and is not substantially justified. In *Golembiewski*, the district court had remanded the denial of disability insurance benefits but had denied the plaintiff's petition for fees under the EAJA. The Seventh Circuit reversed, finding that the district court had abused its discretion in denying the fee petition. 382 F.3d at 725. The Seventh Circuit found that the remand had been required because the ALJ had violated clear and longstanding judicial precedent and violated the Commissioner's own rulings and regulations. *Id.* at 724. Also, the ALJ had failed to address credibility and had failed to apply the familiar factors under SSR 96-7p for evaluating a claimant's subjective complaints of pain. The ALJ had also mischaracterized and ignored significant medical evidence. *Id.* The Seventh Circuit noted that it had not rejected any arguments by the plaintiff on appeal and had not adopted any position argued by the Commissioner in defending the ALJ's decision. *Id.* at 725. Also, the Commissioner had tried to defend the ALJ's decision based on reasoning that the ALJ had not provided, contrary to well established law. *Id.*

By comparison, in *Cunningham*, the Seventh Circuit affirmed the district court's denial of fees under the EAJA and distinguished *Golembiewski*. In *Cunningham*, the remand had resulted from an ALJ decision that did not explain the reasoning as carefully and thoroughly as necessary. "It was not that the ALJ failed to engage in any credibility determination as in *Golembiewski*; rather, the ALJ failed to connect all the dots in his analysis." *Cunningham*, 440 F.3d at 865.

Such failures may require remand on the merits, but do not make it an abuse of discretion for the district court to deny fees under the EAJA. In general, then, if the case for remand is strong and clear-cut, *Golembiewski* teaches that it will probably be an abuse of discretion to deny fees. If the case for remand is closer, and especially if it is focused primarily on an inadequate explanation of what might be a reasonable decision, *Cunningham* teaches that it will probably not be an abuse of discretion to deny fees.

*Discussion*

After reviewing the court's original decision and the parties' briefs on the EAJA issue, the court finds that this case is closer to *Golembiewski* than to *Cunningham.* The Commissioner's position in this litigation was not substantially justified.

The Commissioner argues that the case is like *Cunningham* because the court found, in her view, a failure to explain adequately an adverse credibility determination. In the court's view, however, the problems here were more serious and numerous. The ALJ failed to comply with the Commissioner's own Social Security Ruling 96-7p when he discounted Ms. Purvis's credibility because she had so often failed to seek medical help over the years. SSR 96-7p requires the ALJ to consider possible explanations, other than lack of credibility, for such failures. As the court explained in its original entry, there are several such explanations available on this record, including inability to pay for care and

serious side effects of medications.  In addition, the ALJ's treatment of the evidence indicating that Ms. Purvis had resorted to self-medication with marijuana to control her pain to some degree was, in the court's view, backwards.  Her resort to illegal self-medication is evidence of how desperate her situation had become rather than evidence that she can manage her pain so as to perform productive full-time work.  The ALJ also failed to address substantial medical evidence showing the limitations that Ms. Purvis's impairments imposed on her, and overlooked a great deal of evidence relevant to her credibility.

This collection of errors persuades the court not only that remand was required but that the Commissioner's position was not substantially justified. This was not a close case on the merits.  If the ALJ had made only one or two of these errors, then the case would be closer to *Cunningham* and the issue under the EAJA would be close.  With the number and seriousness of these errors, however, the case is closer to *Golembiewski*, and an award of fees under the EAJA is at least appropriate, if not mandatory.  The Commissioner has not challenged the reasonableness of the requested fee.  Accordingly, the court grants plaintiff Purvis's application for an attorney fee of $7,526.21.  A separate judgment to that effect shall issue.

So ordered.

Date: November 16, 2006

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Patrick Harold Mulvany
mulvany@onet.net